**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS AUGUSTIN<br>1542 Edgewood Road<br>Yardley, PA 19067<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CEISLER, *individually*<br>55 E. Court Street<br>Doylestown, PA 18901<br>and<br>COUNTY OF BUCKS (BUCKS COUNTY SHERIFF'S OFFICE)<br>55 E. Court Street<br>Doylestown, PA 18901<br><br>Defendants. | CIVIL ACTION<br><br>No.: ______________________<br><br>**JURY TRIAL DEMANDED** |

**<u>CIVIL ACTION COMPLAINT</u>**

Thomas Augustin ("Plaintiff") by and through his undersigned counsel, hereby avers as follows:

**<u>INTRODUCTION</u>**

1. Plaintiff has initiated this action to redress violations by the County of Bucks (Bucks County Sheriff's Office – "Defendant County") and Daniel Ceisler (individually – "Defendant Ceisler") of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), the First Amendment, the Fourteenth Amendment, and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts he was wrongfully terminated from his employment. As a direct

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADEA.

consequence of Defendants' unlawful and unconstitutional actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under the ADEA, after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit after the Charge pended with the EEOC for at least sixty (60) days.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. The County of Bucks ("Defendant County") is a political subdivision (and county government) in Southeastern Pennsylvania with more than 600,000 residents.

9. A division of Defendant is the Bucks County Sheriff's Office ("BCSO"). The BCSO is a primary law enforcement agency within Defendant County and focuses on court security, prisoner transport, serving civil process, executing bench warrants, and issuing firearms permits (among other law enforcement duties).

10. Daniel Ceisler ("Defendant Ceisler"), as explained *infra*, is the elected (and current) Sheriff of Defendant County.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 65-year-old man.

14. Plaintiff was hired by the BCSO effective on or about January 4, 2021; and in total, he was employed by the BCSO (and Defendant County) for approximately five (5) years.

15. Plaintiff was employed by Defendant County as the Chief Deputy. In this capacity, he was the second highest in command serving under the Sheriff.

16. Plaintiff was terminated effectively on or about January 4, 2026 (as discussed *infra*).

17. Upon hire on or about January 4, 2021, Plaintiff worked under Sheriff Milt Warrell ("Warrell").

18. From 2022 through 2025, Plaintiff worked under Sheriff Fred Harran ("Harran").

19. The role of Sheriff is an elected position.

20. Warrell was a Democrat and Harran was a Republican.

21. Plaintiff's role was not elected, but rather, a necessary high-level role to oversee operations of the BCSO.

22. Under both Warrell and Harran, Plaintiff performed his role in an exemplary manner and had never been disciplined.

23. In an election taking place in or about November of 2025, Daniel Ceisler ("Defendant Ceisler") was elected as the Sheriff defeating the incumbent Sherriff Harran.

24. Defendant Ceisler (a Democrat) assumed the role of Sheriff upon information and belief at age thirty-three (33).

25. During a conversation in or about December 2025, Defendant Ceisler informed Plaintiff that he was being terminated shortly after Defendant Ceisler's transition to the role of Sheriff. Ceisler told Plaintiff "this is a salaried position, and I need someone who can work 55-60 hours per week" and insinuated that Plaintiff was not this person.

26. Plaintiff interpreted Defendant Ceisler's aforementioned comment to be premised upon Plaintiff's age because: (a) Defendant Ceisler didn't work with him previously or have any meaningful dialogue with Plaintiff pre-termination; and (b) Defendant Ceisler assumed Plaintiff could not work long hours per week (as if he was too old to do so). This was the clear objective interpretation of the dialogue.

27. There was no non-discriminatory rationale for such opinion(s) other than it being an age-related perception.

28. Defendant Ceisler hired Lieutenant Fuentes ("Fuentes" – mid-40s) to functionally replace Plaintiff.

29. In Defendants' Answer submitted to the Pennsylvania Human Relations Commission ("PHRC"), Defendants attached an affidavit by Defendant Ceisler.

30. In his affidavit to the PHRC, Defendant Ceisler stated he decided to terminate Plaintiff because he was not in the office five (5) days a week, the office had low morale, and because their leadership styles diverged. The change in rationale for Plaintiff's termination from communication with him (as of termination) to PHRC response is a proverbial 180.

31. When terminating Plaintiff, Defendant Ceisler only told Plaintiff it was because he wanted someone who could work longer hours (based on Defendant Ceisler's own assumption that Plaintiff could not do so because of his age). Defendant Ceisler never mentioned to Plaintiff that he was terminated for not being in the office five (5) days a week, for creating low morale in the office, or for a divergent leadership style. Such assertions were nonetheless untrue, illustrative of a complete pretext for Plaintiff's termination.

32. Fuentes, decades younger than Plaintiff, has a **very minimal** office presence and morale is terrible within the BCSO. To the contrary, Plaintiff worked in the office and had far more of an office presence than Fuentes. The hours expectation conveyed to Plaintiff by Defendant Ceisler was verifiably false (when contrasting time being worked by Fuentes).

33. Upon information and belief, right after terminating Plaintiff for a desire to have more in-office presence, Fuentes was permitted to come and go from the office as he pleased

(working far less than hours than Plaintiff had previously worked or was told was expected upon termination).

34. In sum, everything Defendant Ceisler claimed at the time of Plaintiff's termination and inconsistently later in the PHRC Answer is untrue.

35. Upon information and belief, Plaintiff was the only person who was actually terminated by Defendant Ceisler (although Lieutenant Chris McMullin ("McMullin – mid-50s) was treated more favorably and transferred to another position).

36. Defendants had other open positions to which Plaintiff could have been transferred; however, he was not offered any other position like his younger colleague. Younger employees have routinely moved or transferred throughout Defendant County as helpful or beneficial to the employees or Defendant County.

37. Moreover, Plaintiff was more qualified for the role and more knowledgeable about the day-to-day operations of the BCSO than Fuentes (eclipsing the qualifications that Fuentes had for the role he assumed of Plaintiff).

38. Plaintiff also made contributions to Harran's (Ceisler's opponent) campaign and openly advocated publicly during the election for the re-election of Harran. This is First-Amendment protected activity.

39. Plaintiff publicly supported Harran, espoused certain party-political views, was a Republican, and participated in political activity when he was off duty. This was all well known to Defendant Ceisler.

40. Determinative factors in Plaintiff's termination were: (a) his First Amendment protected activities relate to politics and political support (and campaign funding / campaign matters); and/or (b) Plaintiff's age.

**COUNT I**
**Violations of Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**
**- Against Defendant County Only -**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendant County, he was subjected to discrimination and disparate treatment because of his age.

43. Plaintiff was ultimately terminated on or about January 4, 2026 because Defendant Ceisler believed he could not work long hours because of his age.

44. Plaintiff was subsequently replaced by a less qualified younger individual.

45. Plaintiff believes and therefore avers that his age was a motivating or determinative factor in Defendants' decision to terminate his employment.

46. These actions as aforesaid constitute violations of the ADEA.

**COUNT II**
**First Amendment Retaliation (by and through 42 U.S.C. § 1983)**
**- Against Defendant Ceisler Only (and individually) -**

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff engaged in protected activities under the First Amendment by: (a) contributing to a political campaign; (b) publicly supporting a political candidate for re-election; (c) espousing certain political views; (d) being Republican; and (e) overall having certain political affiliations or off-duty political activity participation.

49. Political speech (and other activities of Plaintiff) – including campaign contributions and other political activities – are protected by the First Amendment.

50. Plaintiff was terminated for First-Amendment protected activities by Defendants. Such actions may proceed in this Court by and through the 14th Amendment and 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay, and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to reinstatement, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E. Plaintiff is to receive a trial by jury as set forth in the caption of this lawsuit.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801 Phone
(215) 639-4970 Fax
akarpf@karpf-law.com

Dated: August 25, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Thomas Augustin | : | CIVIL ACTION |
| v. | : | |
| Daniel Ceisler, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 8/25/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

AUGUSTIN, THOMAS

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

DANIEL CEISLER, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: ADEA (29USC621)

Brief description of cause: Violations of the ADEA, First Amendment, Fourteenth Amendment and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 8/25/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______